IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDMUND J. BRIXEN,

                Petitioner,

v.                                                ORDER

UNITED STATES OF AMERICA,            20-cv-147-wmc[1]

                Respondent.

---

Movant Edmund J. Brixen seeks relief under 28 U.S.C. § 2255 following his guilty plea to one count of production of child pornography, in violation of 18 U.S.C. § 2251(a). Brixen contends that his conviction was invalid because he received ineffective assistance of trial and appellate counsel.

I must review the motion under Rule 4 of the Rules Governing Section 2255 Proceedings. Rule 4 authorizes me to dismiss a motion to vacate summarily if "it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." A court may sua sponte dismiss a § 2255 motion as untimely if it gives the movant notice and an opportunity to respond. *Compare Day v. McDonough*, 547 U.S. 198, 209–10 (2006) (courts may sua sponte dismiss untimely habeas petitions under 28 U.S.C. § 2254 if they give notice and an opportunity to respond), *with Arreola-Castillo v. United States*, 889 F.3d 378, 383 (7th Cir. 2018) (stating that *Day* applies to § 2255 motions).

---

[1] I am exercising jurisdiction over this case solely for screening purposes.

Brixen's motion and the record indicate that he filed his § 2255 motion one day late. So I will order Brixen to show cause why I should not dismiss the motion as untimely.

BACKGROUND

Brixen pleaded guilty to one count of a five-count indictment. *See* Plea Agreement, 17-cr-65-wmc, Dkt. 26. Brixen waived his right to appeal his conviction except for any adverse ruling on his motion to suppress. *Id.* ¶¶ 4–5. The district court denied his motion to suppress. Opinion and Order, 17-cr-65-wmc, Dkt. 38. Because the statutory maximum penalty was 30 years, the Brixen's guideline imprisonment range was capped at 360 months. Revised Presentence Investigation Report ¶ 130, 17-cr-65-wmc, Dkt. 35. The district court sentenced Brixen to 300 months' imprisonment. Judgment at 2, 17-cr-65-wmc, Dkt. 43.

Through counsel, Brixen filed a direct appeal challenging the district court's denial of his motion to suppress. The court of appeals affirmed. Appellate Opinion, 17-cr-65-wmc, Dkt. 55-2; *United States v. Brixen*, 908 F.3d 276 (7th Cir. 2018). Brixen did not file a petition for rehearing or seek review in the Supreme Court.

Brixen filed his motion to vacate on the standard § 2255 form and signed it on February 6, 2020. Dkt. 1 at 13. Brixen says the 90-day period to file a cert petition in the Supreme Court expired on February 7, 2019. *Id.* at 12. Brixen also faults appellate counsel for not filing a cert petition in the Supreme Court. *Id.* at 7.

DISCUSSION

A one-year limitations period applies to § 2255 motions. 28 U.S.C. § 2255(f). As relevant here, the one-year period runs from "the date on which the judgment of conviction

2

becomes final." *Id.* § 2255(f)(1); *see also Dodd v. United States*, 545 U.S. 353, 357 (2005) (noting that "the operative date from which the limitation period is measured" is usually the date in § 2255(f)(1)); *Clay v. United States*, 537 U.S. 522, 525 (2003) (same). If the defendant does not seek review in the Supreme Court on direct review, § 2255(f)(1)'s one-year period "starts to run when the time for seeking such review expires." *Clay*, 537 U.S. at 532. The time for seeking review expires "90 days after entry of the Court of Appeals' judgment." *Id.* at 525 (citing U.S. Sup. Ct. R. 13(1)). As relevant here, the court of appeals enters judgment on the date on which it issues a decision affirming the defendant's conviction. *Id.* (noting that a court of appeals entered judgment on the date when it affirmed the defendant's convictions); U.S. Sup. Ct. R. 13(3) ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate . . . .").

A "prisoner's pro se § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). "Absent evidence to the contrary in the form of prison logs or other records," courts must presume that the motion was delivered to prison authorities the day the prisoner signed it. *Id.*

Here, the court of appeals entered judgment on November 7, 2018. *Brixen*, 908 F.3d 276. The time for Brixen to seek review in the Supreme Court expired 90 days later on February 5, 2019. Under § 2255(f)'s applicable "anniversary method," Brixen had until February 5, 2020, to file his motion. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000); *Louis v. United States*, No. 18-CR-78-WMC, 2022 WL 1165826, at *2 (W.D. Wis. Apr. 20, 2022). Brixen signed his motion on February 6, 2020, and the motion was docketed on February 19, 2020. Under the mailbox rule, I deem the motion filed on February 6, 2020.

3

Consequently, the motion is untimely by one day. A court must dismiss a § 2255 motion that is "filed a day late." *Marcello*, 212 F.3d at 1010.

Brixen may be able to overcome the time bar by showing that he qualifies for equitable tolling because he has been pursuing his rights diligently and some extraordinary circumstance prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Alternatively, Brixen could argue for an exception to untimeliness based on a credible claim of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013); *Arnold v. Dittmann*, 901 F.3d 830, 837 (7th Cir. 2018). To establish a claim of actual innocence, Brixen must show "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Perkins*, 569 U.S. at 399. Brixen's claims of ineffective assistance of counsel do not suggest that he is actually innocent.

Brixen suggests that the 90-day period for seeking review in the Supreme Court expired on February 7, 2019. *See* Dkt. 1 at 12. His calculation is mistaken. Ninety days after November 7, 2018, is February 5, 2019. "Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling." *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006).

Brixen faults appellate counsel for not seeking review in the Supreme Court. Brixen might contend that, had counsel done so, Brixen would have had more time to file his motion. But "a criminal defendant has no constitutional right to counsel to pursue a petition for a writ of certiorari." *Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009). "And where there is no constitutional right to counsel, there cannot be constitutionally ineffective assistance of counsel." *Id.* Brixen has not shown that appellate counsel deficiently failed to file a cert petition,

4

much less the type of "abandonment by counsel" that may potentially warrant equitable tolling. *See Schmid v. McCauley*, 825 F.3d 348, 350 (7th Cir. 2016).

I am skeptical that Brixen will qualify for these exceptions. But I will give Brixen a short time to respond to this order and show that he qualifies for equitable tolling or that he is actually innocent.

ORDER

IT IS ORDERED that:

1. Movant may have until December 13, 2022 to respond to this order and explain why his § 2255 motion should not be dismissed as untimely. If movant does not respond by the deadline, I will dismiss the motion as untimely or dismiss the case for failure to prosecute or failure to comply with a court order.

2. Movant's motion for status update, Dkt. 2, is DENIED AS MOOT.

3. The clerk is directed to send movant a copy of this order.

Entered November 22, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

5