IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDMUND J. BRIXEN,

                Petitioner,

v.                                        ORDER

UNITED STATES OF AMERICA,      20-cv-147-wmc[1]

                Respondent.

---

Petitioner Edmund J. Brixen sought relief under 28 U.S.C. § 2255 following his guilty plea to one count of production of child pornography, in violation of 18 U.S.C. § 2251(a). Brixen argued that his conviction was invalid because he received ineffective assistance of trial and appellate counsel. Because Brixen's motion and the record indicated that he filed his § 2255 motion one day late, I ordered him to show cause why I should not dismiss the motion as untimely. Dkt. 3.

Brixen contends that his "motion was delayed in getting to the district court" before the February 5, 2020, deadline because he "was and still is under COVID-19 protocol, thus limiting [his] available time to go to the law library." Dkt. 6 at 1. Brixen adds that he was diligently trying to meet the deadline because he filed the motion one day late. *Id.* Brixen's explanation suggests the doctrine of equitable tolling.

For equitable tolling to apply, Brixen must show that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance prevented timely filing. *See Holland v.*

---

[1] I am exercising jurisdiction over this case solely for screening purposes.

*Florida*, 560 U.S. 631, 649 (2010). Brixen "bears the burden of demonstrating both elements of the *Holland* test." *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016).

To satisfy the first element, Brixen must show that he was reasonably diligent in pursuing his rights throughout the limitations period and until he finally filed his untimely" motion. *See id.* "An inmate must demonstrate what steps he was taking to pursue his rights during the limitations period and up to the date the petition was actually filed; mere conclusory assertions are insufficient." *Homelsey v. Dittman*, No. 16-CV-47-BBC, 2017 WL 744668, at *4 (W.D. Wis. Feb. 24, 2017); *see also Mayberry v. Dittmann*, 904 F.3d 525, 531 (7th Cir. 2018) ("[M]ere conclusory allegations of diligence are insufficient . . . .").

Here, Brixen has not stated what steps he took throughout the limitations period to ensure that he timely filed his motion. Brixen's allegation that he was reasonably trying to meet the deadline because he filed his motion one day late is too conclusory to show reasonable diligence.

To satisfy the second element, Brixen must demonstrate that "extraordinary circumstances far beyond his control" caused his delay. *Douma*, 840 F.3d at 872 (alterations adopted). Everyday circumstances and "common parts of prison life" typically do not count as extraordinary. *See id.* A "prisoner's limited access to the prison law library [usually] is not grounds for equitable tolling," *see Ademiju v. United States*, 999 F.3d 474, 478 (7th Cir. 2021), even if a lockdown causes the limited access, *see Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006). Unsupported and conclusory allegations fail to satisfy the second element. *See Lombardo v. United States*, 860 F.3d 547, 555 (7th Cir. 2017).

Here, Brixen contends that being on a COVID-19 lockdown that limited his law library access stopped him from filing his motion sooner. But Brixen does not expand on this

allegation. In any case, Brixen filed his § 2255 motion even though he allegedly remains on lockdown. So Brixen has not given a good reason why the lockdown stopped him from filing his motion within the deadline. Because Brixen has not explained how his COVID-19 lockdown with limited law library access stopped him from filing his motion sooner, he has not shown extraordinary circumstances.

I decline to hold an evidentiary hearing to allow Brixen to buttress his argument for equitable tolling. *See Burkhart v. United States*, 27 F.4th 1289, 1299 (7th Cir. 2022) (district court may deny evidentiary hearing if movant "makes conclusory or speculative allegations rather than specific factual allegations"); *Dittmann*, 904 F.3d at 532 ("The district court need not hold an evidentiary hearing for vague or conclusory allegations."). Brixen's motion will be denied.

Because Brixen seeks relief under § 2255, he may appeal this order only if he obtains a certificate of appealability. I may issue a certificate of appealability only if Brixen makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because I denied the motion on procedural grounds, Brixen must demonstrate that reasonable jurists would debate whether my procedural ruling is correct and whether motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because Brixen cannot so show, I will deny a certificate of appealability. Brixen may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ORDER

IT IS ORDERED that:

1. Petitioner's § 2255 motion, Dkt. 1, is DISMISSED with prejudice as untimely, and a certificate of appealability is DENIED.

2. The clerk of court is directed to enter judgment accordingly and send petitioner a copy of this order.

Entered December 27, 2022.

                                            BY THE COURT:

                                            /s/

                                            _____
                                            JAMES D. PETERSON
                                            District Judge